IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ARBIE ARMSTRONG,<br><br>    Plaintiff,<br><br>    vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | CIVIL ACTION<br>NO. 1:19-cv-00458-AT |

**PRELIMINARY PLANNING REPORT AND DISCOVERY PLAN**[1]

**1.    Description of Case:**

   **(a)**    Describe briefly the nature of this action.

**This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401(b), and 2671-2680. Plaintiff alleges medical malpractice.**

   **(b)**    Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

**Mr. Armstrong claims that he suffered injuries as a result of treatment he received at the Atlanta VA hospital. Defendant denies liability and supports its defense based on some of the facts alleged (and not alleged) and the VA's**

---

[1] In accordance with N.D. Ga. Local Rule 16.2, Defendant United States of America is filing this Preliminary Planning Report and Discovery Plan without specific input from Plaintiff Arbie Armstrong, who is pro se. Counsel for Defendant notes that efforts were made to contact Plaintiff and give him an opportunity to review this proposed plan, but those efforts were unsuccessful.

**investigation and records. Additional facts may be developed during discovery.**

 **(c)** The legal issues to be tried are as follows:

  i. **Whether Defendant was negligent and violated the applicable standard of care in its treatment of Plaintiff;**

  ii. **Whether any alleged negligence, if established, directly and proximately caused Plaintiff's injuries;**

  iii. **What damages, if any, Plaintiff is entitled to recover from Defendant.**

 **(d)** The cases listed below (include both style and action number) are:

  i. Pending Related Cases: **None at this time.**

  ii. Previously Adjudicated Related Cases: **None**.

**2.** **This case is complex because it possesses one (1) or more of the features listed below (please check):**

 \_\_\_\_\_ (1) Unusually large number of parties
 \_\_\_\_\_ (2) Unusually large number of claims or defenses
 \_\_\_\_\_ (3) Factual issues are exceptionally complex
 \_\_\_\_\_ (4) Greater than normal volume of evidence
 **_X_** (5) **Extended discovery period is needed**
 \_\_\_\_\_ (6) Problems locating or preserving evidence
 \_\_\_\_\_ (7) Pending parallel investigations or action by government
 \_\_\_\_\_ (8) Multiple use of experts
 \_\_\_\_\_ (9) Need for discovery outside United States boundaries
 **_X_** (10) Existence of highly technical issues and proof

**This case is complex because the witnesses, other than Plaintiff, are medical professionals. In light of the current Covid-19 pandemic, these individuals**

**may be difficult to reach or to depose. In addition, the parties may have to seek additional medical records from non-VA healthcare providers. Defendant submits that this case is appropriate for at least an eight-month discovery track.**

3. **Counsel:**

   The following individually-named attorneys are hereby designated as lead counsel for the parties:

   **Plaintiff:**   None. Pro se.

   **Defendant:**   Trishanda L. Treadwell, Esq.

4. **Jurisdiction:**

   Is there any question regarding this court's jurisdiction?

   _____ Yes  **X  No**

   If "yes" please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5. **Parties to This Action:**

   **(a)** The following persons are necessary parties who have not been joined:

   **None.**

   **(b)** The following persons are improperly joined as parties:

   **None.**

**(c)** The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

**None.**

**(d)** The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6. Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

**(a)** List separately any amendments to the pleadings which the parties anticipate will be necessary:

**None.**

**(b)** Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the preliminary report and discovery schedule is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7. Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the preliminary report and discovery schedule is filed or should have been filed, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

**(a)** *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

**(b)** *Summary Judgment Motions*: within twenty (20) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

 **(c)**   *Other Limited Motions*: Refer to Local Rules 7.2, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

 **(d)**   *Motions Objecting to Expert Testimony*: *Daubert* motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.

**8. Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.

**Initial Disclosures have been served.**

**9. Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

 **None at this time.**

**10. Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery, please state those reasons in detail below:

> **In light of the current pandemic, these individuals may be difficult to reach or to depose. In addition, the parties may have to seek additional medical records from non-VA healthcare providers. Defendant submits that this case is appropriate for at least an eight-month discovery track. Finally, it might also be difficult to identify, secure, and depose expert witnesses. Plaintiff has not yet identified any medical expert to support his medical malpractice claim.**

11. **Discovery Limitation and Discovery of Electronically Stored Information:**

    (a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

    **No expected changes at this time, other than as indicated**.

    (b) Is any party seeking discovery of electronically stored information?

    **It is likely that some production of information from Defendant is from electronically stored information. It is also likely that Defendant will seek electronically stored information from Plaintiff. Counsel for Defendant will work with Plaintiff on these productions to exchange documents in the most efficient way possible.**

    If "yes,"

    (1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

    (2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference.

**12.   Request for additional orders from the Court.**

**None.**

**13.   Settlement Potential:**

**(a)   Counsel for Defendant has not yet spoken with Plaintiff regarding a possible settlement.**

**(b)   All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

(_____) A possibility of settlement before discovery.

**( X ) A possibility of settlement after discovery.**

(_____) A possibility of settlement, but a conference with the judge is needed.

(_____) No possibility of settlement.

**(c)   Counsel ( X ) do or ( ) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date for a settlement conference is to be determined.**

**(d)   The following specific problems have created a hindrance to settlement of this case.**

**None.**

**14.   Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

**(a)**   The parties ( ) do consent to having this case tried before a magistrate judge of this court. A completed Consent to Jurisdiction by a United

States Magistrate Judge form has been submitted to the clerk of court this _____ day of _____, 2020.

**(b)** **The parties ( X ) do not consent to having this case tried before a magistrate judge of this court.**

Respectfully submitted this 6th day of May, 2020.

                          BYUNG J. PAK
                          UNITED STATES ATTORNEY

                          */s/Trishanda L. Treadwell*
                          Trishanda L. Treadwell
                          Assistant United States Attorney
                          Georgia Bar No. 356896
                          600 United States Courthouse
                          75 Ted Turner Drive, S.W.
                          Atlanta, Georgia 30303
                          Telephone: (404) 581-6000

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing **PRELIMINARY PLANNING REPORT AND DISCOVERY PLAN** with the Clerk of Court using the CM/ECF system. I have also emailed a copy to Plaintiff at ajaarm@gmail.com

                                                    *Trishanda L. Treadwell*
                                                   Trishanda L. Treadwell
                                                   Assistant United States Attorney

DATE: May 6, 2020